```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA         :

                                      :

   v.                          :   Criminal No. DKC 03-194-1

                                      :

STEFAN VALENTI MOSLEY             :

**MEMORANDUM OPINION**

Defendant Stefan Valenti Mosley has filed a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) or, in the alternative for the imposition of a reduced sentence pursuant to Section 404 of the First Step Act.  (ECF No. 415).  For the reasons that follow, the motion will be denied.  The motion to seal and motion for leave to file excess pages and motion to seal (ECF Nos. 416 and 423) will be granted.  The personal information contained in the submissions should remain confidential except as recited herein.

Mr. Mosley was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine, 50 grams or more of cocaine base, and one kilogram or more of phencyclidine (Count One), possession with intent to distribute various amounts of cocaine powder (Counts – Two, Three, Four, Five, Six, Seven, Eight, and Eleven), and possession of a firearm after a felony conviction (Count Thirteen).  He was sentenced on December 14, 2004, to life imprisonment.  President Obama commuted the sentence to 360 months

on January 17, 2017.  (ECF No. 365).  His projected release date is February 13, 2028.  He requests immediate compassionate release asserting that his medical conditions place him at possible risk of severe illness due to COVID.  Alternatively, he requests the retroactive application of the Fair Sentencing Act under Section 404 and a reduction of the mandatory minimum period of imprisonment under Section 401 of the First Step Act.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c) (2018).  This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. See *id*. § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners to seek a sentencing reduction directly from the court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

2

>    whichever is earlier, may reduce the term of
>    imprisonment (and may impose a term of
>    probation or supervised release with or
>    without conditions that does not exceed the
>    unserved portion of the original term of
>    imprisonment), after considering the factors
>    set forth in section 3553(a) to the extent
>    that they are applicable, if it finds that—
>    (i) extraordinary and compelling reasons
>    warrant such a reduction; or
>    (ii) the defendant is at least 70 years of
>    age, has served at least 30 years in prison,
>    pursuant to a sentence imposed under section
>    3559(c), for the offense or offenses for which
>    the defendant is currently imprisoned, and a
>    determination has been made by the Director of
>    the Bureau of Prisons that the defendant is
>    not a danger to the safety of any other person
>    or the community, as provided under section
>    3142(g);
>    and that such a reduction is consistent with
>    applicable policy statements issued by the
>    Sentencing Commission[.]

Mr. Mosley was sentenced on December 14, 2004, for conduct occurring before June 2003. The Fair Sentencing Act of 2010 was signed into law on August 3, 2010. It did not apply to those sentenced before its effective date. The First Step Act was adopted in 2018, and provides that, notwithstanding *Dorsey v. United States,* 567 U.S. 260 (2102), certain persons may seek a retroactively reduced sentence. Section 404(b) provides: "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was

3

committed." Section 404(a) defines a "covered offense" as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act that was committed before August 3, 2010. There are limitations, however, outlined in Section 404(c):

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.

Section 2 of the Fair Sentencing Act altered the quantity threshold for the mandatory minimums in 21 U.S.C. § 841, and Section 3 eliminated the mandatory minimum for simple possession. In *United States v. Wirsing*, 943 F.3d 175, 185-86 (4th Cir. 2019), the United States Court of Appeals for the Fourth Circuit concluded that a person is eligible if he was sentenced under 21 U.S.C. § 841(a) and (b)(1)(A)(iii) or (B)(iii). In *United States v. Gravatt*, 953 F.3d 258, 262-64 (4th Cir. 2020), the Fourth Circuit held that a defendant remains eligible under the Act even if the conspiracy for which he was convicted encompassed distribution of both cocaine powder and crack cocaine.

4

Since the briefing by the parties, the Supreme Court and the Fourth Circuit have clarified the process for evaluating motions raising guideline changes or errors.  The Supreme Court, in *Concepcion v. United States*, 142 S.Ct. 2389, 2404, and n.6 (2022), held that "a district court cannot . . . recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act," but "that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."  As then explained by the Fourth Circuit:

> In other words, *Concepcion* instructs district courts exercising their discretion under the First Step Act to proceed in two steps.  First, they must recalculate the movant's Guidelines range "only to the extent it adjusts for the Fair Sentencing Act."  *United States v. Shields*, 48 F.4th 183, 192 (3d Cir. 2022); *see also Concepcion*, 142 S. Ct. at 2402 n.6, 2403 n.8.  Second, they may (and when raised by the parties, must) consider other legal and factual changes when deciding whether to impose a reduced sentence. *Concepcion*, 142 S. Ct. at 2396, 2402 n.6.

*United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023).  *See also, United States v. Smith*, --- F.4th ---, 2023 WL 4938416 (4th Cir. Aug. 3, 2023).

5

Filed during the pandemic, Mr. Mosley cited to COVID-19 and his medical conditions as a basis for considering compassionate release.  In a supplemental motion (ECF No. 421), he added sentencing disparity between the sentence he received (as well as the sentence he is serving after executive clemency) and the purported sentence he would face today as a basis for compassionate release.

Mr. Mosley points to his acceptance of responsibility, "exemplary" institutional record (working, taking education, training, and vocational courses), and the satisfaction of his financial obligations, as well as his support network and reentry plan.  He describes his criminal conduct as only selling drugs in his own community, without violence or firearms, and attempts to minimize the purported threat outlined in the pre-sentence report.  He relies on changes to the "charging and sentencing landscape," including practices concerning § 851 enhancements.

The Government, in contrast, opposes both compassionate release and First Step Act consideration.  It describes the criminal conduct as leading a large-scale drug distribution organization involving travel to the west coast and employing others as couriers of kilogram quantities of powder cocaine back to Maryland, some of which he converted to cocaine base.  His

6

business expanded to include PCP. It notes that a handgun was found in his nightstand at the time of his arrest.

At sentencing, his final adjusted offense level was calculated at 46, with the base offense at 38 due to quantity,[1] an additional two levels for the handgun, a four-level enhancement for his role as an organizer or leader, and a final two-level adjustment for obstruction of justice. As an armed career criminal, his criminal history category was VI and the range was life imprisonment.

Upon consideration of all of the circumstances, the court declines to grant compassionate release or to reduce the sentence pursuant to the First Step Act. Although facially eligible for consideration on either ground, no further reduction in sentence is appropriate. Primarily, the court views the sentence reduction to 360 months granted by executive clemency to be sufficient recognition of the sentencing changes since the original sentence was imposed. The court further concludes that the seriousness of the offense conduct and his criminal history are simply not offset by the COVID-19 public health situation, his medical conditions,

---

[1] The presentence report relied solely on the powder quantity of more than 150 kilograms which was level 38, without regard to any crack or PCP. Even after Amendment 750, the level for 150 kilograms or more of cocaine powder remained at 38. It was not lowered to level 36 until 2014.

his conduct in the Bureau of Prisons, or proposed plans for release.  The goals of punishment, deterrence, protecting the public, and promoting respect for law would not be served by the requested sentence reduction.

A separate order will be entered.

                                  /s/
                         DEBORAH K. CHASANOW
                         United States District Judge